UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISCORD, INC.,<br>　　　　Plaintiff,<br>　v.<br>DISCORD SOUND, et al.,<br>　　　　Defendants. | Case No. 19-cv-05824-HSG<br>**ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE**<br>Re: Dkt. Nos. 7, 11, 12 |

Pending before the Court is Plaintiff Discord, Inc.'s Motion for Order Allowing Alternative Service. *See* Dkt. No. 7. The Court held a case management conference on December 17, 2019, and directed Plaintiff to file supplemental declarations, including (1) the email exchanges between counsel and Defendants Chun Hin Chan and Discord Sound; and (2) the efforts the private investigator took to locate an address for Defendants. *See* Dkt. No. 10. Having reviewed the supplemental declarations, the Court **GRANTS** Plaintiff's motion for alternative service.

**I.　BACKGROUND**

Plaintiff filed this trademark action on September 19, 2019, regarding its Discord app for computers and phones. *See* Dkt. No. 1. Plaintiff alleges that Defendants have infringed Plaintiff's Discord mark through their website discordsound.com, which sells wireless earbuds. *See id.* at ¶¶ 19–24. Plaintiff has identified some examples of actual confusion, where customers asked if Plaintiff made the wireless earbuds. *See id.* ¶¶ 24–25.

Prior to filing the complaint, Plaintiff hired a private investigator to identify a physical address for Defendants. *See* Dkt. No. 12. The investigator searched publicly available information, including Defendant Discord Sound's Facebook and Indiegogo websites, which

indicated that Defendants were "based out" of San Francisco. *See id.* at ¶ 3. However, he could not find a specific physical address for either Defendant. *Id.* Subsequently, the investigator submitted email requests through Defendant Discord Sound's Facebook and Indiegogo websites requesting information about the company. *Id.* at ¶ 4. Indiegogo's customer service responded by providing Defendant Chan's email address, chan@discordsound.com. *See id.* The investigator then ran database searches on the name and email address, but could not find any additional information. *Id.* Someone named "Katreen" from "Team Discord Sound" also responded to the investigator from marketing@discordsound.com, but did not provide a physical address for the company or any additional identifying information. *See id.* at ¶¶ 5–7. Defendant Discord Sound's Facebook page also lists marketing@discordsound.com as the email address for customer complaints. *See id.* at ¶ 9. The investigator also purchased earbuds from Defendants in the hope that they might arrive with further identifying paperwork. *See id.* at ¶ 8. However, to date the investigator has not been able to ascertain a legitimate, physical address for Defendants. *Id.* at ¶ 10.

In March 2019, Plaintiff's counsel sent cease and desist letters to the two email addresses that the investigator identified, marketing@discordsound.com and chan@discordsound.com. *See* Dkt. No. 11 at ¶¶ 4–5. The next day, Defendant Chan responded directly to the email from the chan@discordsound.com email address, disclaiming any wrongdoing. *See id.* at ¶ 5. From March 13 through March 19, 2019, Plaintiff had six email exchanges about this litigation. *See id.* at ¶ 6–7, & Ex. A. Plaintiff also emailed Defendants the complaint and related materials in October 2019, after filing the complaint. *See* Dkt. No. 11 at ¶ 8. Defendant Chan again responded, and the parties exchanged numerous emails in October and November 2019 discussing the dispute. *See id.* at ¶¶ 8–9. On November 18, 2019, Plaintiff's counsel discussed this action on the phone with Defendant Chan and a representative from Defendant Discord Sound, but they refused to accept service. *See id.* at ¶ 9. The parties have continued to exchange emails using the marketing@discordsound.com and chan@discordsound.com email addresses. *See id.* at ¶ 19. Yet Plaintiff has still not been able to serve Defendants using traditional methods.

//

## II. LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Under Federal Rule of Civil Procedure 4, individuals and corporations may be served in a manner that follows "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A). Rule 4 is intended "to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process." *See Elec. Specialty Co. v. Rd. & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (quotation omitted).

As this Court is located in California, it may authorize service of process in conformity with California law. California Code of Civil Procedure § 413.30 provides for alternative service "in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court." Cal. Civ. Proc. Code § 413.30. Section 413.30 thus comports with due process, which similarly requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

## III. DISCUSSION

Plaintiff requests two forms of alternative service: (1) email service and (2) service through Defendant's Facebook account. The Ninth Circuit has expressed some concern with the limitations of electronic service, noting that "[i]n most instances, there is no way to confirm receipt of an email message." *Rio Properties*, 284 F.3d at 1018. Nevertheless, the Ninth Circuit has ultimately left the decision "to the discretion of the district court to balance the limitations of email services against its benefits in any particular case." *Id.*

The Court acknowledges the limitations of email service identified by the Ninth Circuit. Nevertheless, the Court finds that electronic service is warranted here given the circumstances of

3

this case. Plaintiff has offered evidence that it conducted a diligent and reasonable investigation to ascertain a physical address for Defendants, and that electronic service is therefore a last resort. The Court also finds that service by email and through Defendant Discord Sound's Facebook account is reasonably calculated to provide actual notice. Defendants are engaged in internet-based commercial activities and appear to rely on email as a means of communication with their customers. Additionally, Plaintiff has established that Defendants have been responding over the course of many months to emails about this lawsuit sent to marketing@discordsound.com and chan@discordsound.com, as well as to messages sent via Facebook. *See, e.g.*, Dkt. No. 11 at ¶¶ 4–10. The correspondence that Plaintiff has attached to its motion indicates that Defendants are already aware of this litigation and have legal counsel. *See id.*, Ex. A. Under such circumstances, electronic service not only appears reasonably calculated to provide actual notice to Defendants, but also necessary to ensure Defendants do not intentionally evade service. *Accord United Health Servs., Inc. v. Meyer*, No. C 12-6197 CW, 2013 WL 843698, at *2 (N.D. Cal. Mar. 6, 2013) (collecting cases).

Under Rule 4(m), Plaintiff had until December 17, 2019, to serve Defendants. However, "district courts have broad discretion to extend time for service under Rule 4(m)." *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the "time period for service contained in Rule 4(m) 'operates not as an outer limit subject to reduction, but as an irreducible allowance.'" *Id.* (quoting *Henderson v. United States*, 517 U.S. 654, 661 (1996)). Moreover, the Court finds that here Plaintiff has acted diligently in investigating a means of serving Defendants and in filing this motion to allow alternative service; there is no prejudice to Defendants who appear to have actual notice of the lawsuit; and good cause therefore exists to extend the time for service.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** the motion and **ORDERS** that within 10 days of the date of this order Plaintiff shall serve Defendants with the summons, complaint, and a copy of this order: (1) at the marketing@discordsound.com and chan@discordsound.com email addresses; and (2) by sending Defendants a link where the materials may be accessed and downloaded via a

4

message to Defendant Discord Sound's Facebook account.  Plaintiff shall by February 14, 2020, file proof of service indicating the date, time, and manner of service, including whether any notice that the email was not transmitted successfully was received, or a motion for an extension of time to serve Defendants.

**IT IS SO ORDERED.**

Dated: 2/4/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge