LATHAM & WATKINS LLP
  Jennifer L. Barry (Bar No. 228066)
   *jennifer.barry@lw.com*
  Patrick C. Justman (Bar No. 281324)
   *patrick.justman@lw.com*
12670 High Bluff Drive
San Diego, CA  92130
858.523.5400 / 858.523.5450 (Fax)

LATHAM & WATKINS LLP
  Elizabeth C. Gettinger (Bar No. 307683)
   *elizabeth.gettinger@w.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
415.391.0600 / 415.395.8095 (Fax)

Attorneys for Plaintiff
DISCORD, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DISCORD, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC TECHNOLOGY GROUP LTD., dba DISCORD SOUND,<br><br>Defendant. | CASE NO. 4:19-cv-05824-HSG<br><br>**AMENDED COMPLAINT**<br><br><br>DEMAND FOR JURY TRIAL |

**AMENDED COMPLAINT**

**NATURE OF ACTION**

1. Plaintiff Discord, Inc. ("Discord") brings this Amended Complaint against Dynamic Technology Group Ltd., dba Discord Sound ("Defendant") for (i) federal trademark infringement and false designation of origin, and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq*. and (ii) common law trademark infringement and unfair competition under California law, and Discord alleges, with knowledge concerning its own acts and on information and belief as to all other matters (unless otherwise specifically stated), as follows:

**THE PARTIES**

2. Discord is a Delaware corporation with its principal place of business at 444 De Haro Street, San Francisco, California 94107.

3. Defendant is a Hong Kong limited company with offices in Sai Ying Pun, Hong Kong and Los Angeles, California and it provides goods and services throughout the United States, including California and within this District, under the DISCORD SOUND mark.

4. As fully detailed below, Defendant used the DISCORD SOUND mark (alternatively referred to as the "Infringing Discord Mark") in such a manner that violates Discord's longstanding and strong rights in the DISCORD® mark.

**JURISDICTION AND VENUE**

5. Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a), this Court has subject matter jurisdiction over Discord's claims for violation of the Lanham Act. Pursuant to 28 U.S.C. § 1338(b), this Court has supplemental jurisdiction over Discord's state law trademark infringement claim because it is joined with substantial and related claims under the Lanham Act. This Court also has supplemental jurisdiction over Discord's state law claims pursuant to 28 U.S.C. § 1367(a), because all of Discord's claims arise out of a common nucleus of operative facts.

6. This Court has personal jurisdiction over Defendant, because Defendant resides within the State of California and within this District and: (a) has conducted substantial business

in the State of California and this District by advertising, targeting, offering, selling, and providing its goods/services to residents of this District; (b) has derived financial benefits from residents of the State of California by doing so; (c) has purposefully availed itself of the privilege of conducting business within the State of California; (d) has sought protection and benefits from the laws of the State of California; and (e) the causes of action arise from the Defendant's activities within and actions targeted at the State of California.

7. Venue in this Court exists under: (i) 28 U.S.C. §§ 1391(b)(1), (c)(2), as Defendant conducts business within this District and is subject to the Court's personal jurisdiction; and (ii) § 1391(b)(2), as a substantial part of the events giving rise to Discord's claims occurred within this District.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

**Discord and Its Successful DISCORD® Brand**

8. Launched in 2015, Discord has experienced tremendous success in marketing and selling its DISCORD® app, an all-in-one voice and text chat for gamers that operates on desktop computers and phones. The DISCORD® app has over 14 million daily users, who send roughly 315 million messages a day through the DISCORD® app.

9. Discord's stable, reliable, and useful product has enabled Discord to garner substantial brand recognition and goodwill in the market place. Consumers recognize and consistently laud the quality of the DISCORD® app, including because Discord's marketing and promotional efforts have been conducted primarily under the DISCORD® mark. Indeed, the DISCORD® app has been voluntarily rated by more than half a million Apple App Store users, and the average rating is 4.8/5 stars.

10. Further, third-party investors have recognized the rapidly-growing promise and prominence of the DISCORD® brand. Indeed, Discord has raised over $200 million in investment funding from various renowned investors, who have witnessed the emergence of Discord's brand and app and clearly believe in its future.

**Discord's Intellectual Property Rights**

11. Discord owns a United States federal registration for the DISCORD® mark, as shown here:

| TRADEMARK | CLASS: GOODS/SERVICES | REG. NO. REG. DATE |
|---|---|---|
| DISCORD | 9: Computer software and computer software application for social networking, sending messages, text, photos, graphics, audio and video files to other users; computer software for engaging in text, audio and video chats with other users; computer software programs for the integration of text, photo, graphics, audio and video files into interactive delivery multimedia applications. | 4,930,980 April 5, 2016 |
|  | 38: Communication services, namely, transmission of data, graphics, photos, text messages, electronic mail, video and audio files by telecommunications networks, wireless communication networks, the Internet, information services networks and data networks; message sending and receiving services; text, audio and video messaging services; providing online chat rooms, online forums, and electronic bulletin boards for transmission of messages among computer and electronic game users. |  |

12. This registration constitutes prima facie evidence that the DISCORD® mark is valid, and that Discord is entitled to the exclusive use of the mark in commerce throughout the United States on the goods and services listed in the registration.

13. Discord has been and is now engaged in the business of developing, creating, distributing, marketing, advertising, and selling its app under the DISCORD® mark. Discord has used the DISCORD® mark in commerce for over four years, having first adopted that mark for its app at least as early as March 2, 2015.

14. Through careful cultivation of its app under the DISCORD® mark, Discord has developed an outstanding reputation as an innovator in the field of social networking and wireless communication services, thereby obtaining substantial common law rights in this mark.

**Defendant's Infringing DISCORD SOUND Mark and Related Activities**

15. Defendant owns the *discordsound.com* domain name and operates a website there using the DISCORD SOUND mark.

16. Under the DISCORD SOUND mark, Defendant offers wireless ear buds that allow for wireless communications and wireless access to music and other audio transmissions.

17.     Defendant advertises its ear buds under the DISCORD SOUND mark on social media platforms.  For example, Defendant has a Facebook page at https://www.facebook.com/discordsoundhub/ (the "Discord Sound Facebook account").

18.     Additionally, Defendant initiated a fundraising and advertising campaign on IndieGoGo for its DISCORD SOUND ear buds (https://www.indiegogo.com/projects/hub-hifi-wireless-earbuds-with-100-hours-playtime#/) (the "Discord Sound IndieGoGo Page").

19.     In light of Discord's renown, online presence, and similar product offering, Discord is very concerned that consumers will likely be confused and mistakenly believe that Defendant and its goods and/or services are endorsed, approved, or sponsored by, or affiliated, connected, or associated with, Discord.  This concern is heightened given the fact that Defendant's ear buds could be used with the DISCORD® app to engage in voice and text chat.

20.     Indeed, Discord's concerns about confusion have been validated by several instances of actual confusion.  Specifically, Discord has received multiple communications in which potential consumers or collaborators have either mistakenly assumed that Discord is one and the same as Defendant, or inquired about whether Discord is affiliated with Defendant.

21.     For example, Discord engaged in the following conversation via Twitter with a confused consumer:



**Discord Is Harmed By Defendant's Continuing Infringement & Unlawful Conduct**

22. Defendant's continued use of the confusingly similar DISCORD SOUND mark in commerce violates Discord's valuable intellectual property rights in its DISCORD mark, and Defendant's knowing, intentional, willful, and malicious use of this mark is damaging to Discord and Discord's property.

23. Defendant has used the infringing DISCORD SOUND mark to unfairly usurp and capitalize on the value and goodwill of the DISCORD mark and registration. Defendant is aware of Discord's strong trademark rights and reputation in the marketplace, but nevertheless, use the infringing DISCORD SOUND mark to profit from the goodwill associated with the DISCORD mark.

24. Defendant has intentionally and knowingly capitalized off of potential and actual confusion between the DISCORD mark and the DISCORD SOUND mark, including by providing a product that is similar and complementary to Discord's app, as previously described.

25. Due to Defendant's continuing willful infringement and unlawful conduct, Discord now brings this Complaint to protect its valuable and longstanding intellectual property rights. Discord had to retain counsel and incur substantial fees and costs (and it continues to incur those fees and costs) to prosecute this suit and pursue its claims.

26. Discord's interest in protecting its intellectual property rights and its products and services from consumer confusion outweigh any harm to Defendant. Further, the public interest is best served by granting Discord's requested relief against Defendant.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement – 15 U.S.C. § 1114

27. Discord incorporates by reference the factual allegations set forth above.

28. Discord owns the DISCORD mark and the DISCORD registration. This mark is strong and distinctive and designates Discord as the source of all products and services advertised, marketed, sold, or used in connection with the DISCORD mark. In particular, the DISCORD mark has been used for over four years and has garnered significant recognition and goodwill.

29. Discord is the senior user of the DISCORD mark as it began use of the mark in interstate commerce prior to Defendant's first use of the confusingly similar Infringing Discord Mark.

30. Defendant does not have authorization, license, or permission from Discord to market and sell it products and services under the Infringing Discord Mark, which is confusingly similar to the DISCORD mark, and which is used by Defendant with products and services that are closely related and complementary to the app associated with the DISCORD mark.

31. Defendant was aware of the DISCORD mark, as Defendant was on constructive notice based on Discord's federal trademark application and registration, as well as on actual notice based on Discord's numerous communications to Defendant about this matter. Yet, Defendant continued to use its infringing mark. Thus, Defendant's unauthorized use of the confusingly similar Infringing Discord Mark was and is knowing, intentional, and willful.

32.	As a direct and proximate result of Defendant's wrongful conduct, Discord has been and will continue to be damaged.

33.	Defendant's actions therefore constitute trademark infringement.

34.	Unless an injunction is issued enjoining any continuing or future use of the confusingly similar Infringing Discord Mark by Defendant, such continuing or future use is likely to continue to cause confusion, mistake, or deception as to source, origin, affiliation, or sponsorship, and will thereby irreparably harm Discord.

35.	Defendant's activities have caused and will continue to cause irreparable harm to Discord, for which it has no adequate remedy at law, because: (i) the DISCORD mark and registration comprise unique and valuable property rights that have no readily determinable market value; (ii) Defendant's infringement constitutes interference with Discord's goodwill and customer relationships and is harming and will continue to substantially harm Discord's reputation as a source of high-quality goods and services; and (iii) Defendant's cvwrongful conduct, and the damages resulting to Discord, are continuing. Accordingly, Discord is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

36.	Pursuant to 15 U.S.C. §1117(a), Discord is entitled to an order: (i) requiring Defendant to account to Discord for any and all profits derived from its infringing actions, to be increased in accordance with the applicable provisions of law; and (ii) awarding all damages sustained by Discord that were caused by Defendant's conduct.

37.	Defendant's conduct was and is intentional and without foundation in law, and, pursuant to 15 U.S.C. § 1117(a), Discord is therefore entitled to an award of treble damages against Defendant.

38.	Defendant's acts make this an exceptional case under 15 U.S.C. § 1117(a); thus Discord is entitled to an award of attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### Federal Unfair Competition/False Designation of Origin – 15 U.S.C. § 1125(a)

39.	Discord incorporates by reference the factual allegations set forth above.

40. The DISCORD mark is strong and distinctive and designates Discord as the source of all goods and services advertised, marketed, sold, or used in connection with this mark. In addition, by virtue of Discord's continued and extensive use of the DISCORD mark in connection with its products and services, and its extensive marketing, advertising, promotion, and sale of its products and services under that mark, the DISCORD Mark has developed an outstanding reputation and it is easily recognizable and associated with a single source of products and services.

41. Discord is the senior user of the DISCORD mark, as it began use of this mark in interstate commerce prior to Defendant's first use of the confusingly similar Infringing Discord Mark.

42. Defendant was aware of the DISCORD mark because Defendant was on constructive notice based on Discord's trademark application and registration for the DISCORD mark, as well as on actual notice based on Discord's numerous communications to Defendant about this matter. Yet, Defendant continued to use its infringing mark. Thus, Defendant's unauthorized use of the confusingly similar Infringing Discord Mark was and is knowing, intentional, and willful.

43. Through its use of the confusingly similar Infringing Discord Mark, Defendant intended to, and did in fact, confuse and mislead consumers into believing that Discord somehow authorized, originated, sponsored, approved, licensed, or participated in Defendant's use of the confusingly similar Infringing Discord Mark.

44. In fact, there is no connection, association, or licensing relationship between Discord and Defendant, nor has Discord ever authorized, licensed, or given permission to Defendant to use the confusingly similar Infringing Discord Mark in any manner.

45. Defendant's use of the Infringing Discord Mark has caused confusion and will likely cause further confusion as to the origin and authenticity of Defendant's website, goods and services or whether there is a relationship between Defendant and Discord, when there is not.

46. As a direct and proximate result of Defendant's wrongful conduct, Discord has been and will continue to be damaged.

47. Defendant's actions thus constitute false designation of origin and unfair competition.

48. Defendant's activities have caused, and will continue to cause, irreparable harm to Discord, for which it has no adequate remedy at law, in that: (i) the DISCORD mark and registration comprise unique and valuable property rights that have no readily determinable market value; (ii) Defendant's infringement constitutes interference with Discord's goodwill and customer relationships and will substantially harm Discord's reputation as a source of high-quality goods and services; and (iii) Defendant's wrongful conduct, and the damages resulting to Discord, are continuing. Accordingly, Discord is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

49. Pursuant to 15 U.S.C. §1117(a), Discord is entitled to an order: (i) requiring Defendant to account to Discord for any and all profits derived from its actions, to be increased in accordance with the applicable provisions of law; and (ii) awarding all damages sustained by Discord that were caused by Defendant's conduct.

50. Defendant's conduct was and is intentional and without foundation in law, and pursuant to 15 U.S.C. § 1117(a), Discord is therefore entitled to an award of treble damages against Defendant.

51. Defendant's acts make this an exceptional case under 15 U.S.C. § 1117(a); thus Discord is entitled to an award of attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF

### Common Law Trademark Infringement

52. Discord incorporates by reference the factual allegations set forth above.

53. Discord has valid and protectable common law rights in the DISCORD mark.

54. Discord is the senior user of the DISCORD mark.

55. Defendant's conduct constitutes infringement of Discord's common law rights in the DISCORD mark.

56. Defendant's use of the confusingly similar Infringing Discord Mark on unauthorized goods and services is likely to cause confusion as to the origin of Defendant's

1  goods and services and is likely to cause others to believe that there is a relationship between
2  Defendant and Discord.

3    57.   Defendant's wrongful acts have permitted and will permit it to receive substantial
4  profits based upon the strength of Discord's reputation and the substantial goodwill Discord has
5  built up in the DISCORD mark.

6    58.   As a direct and proximate result of Defendant's wrongful conduct, Discord has
7  been and will continue to be damaged.

8    59.   Unless an injunction is issued enjoining any continuing or future use of the
9  Infringing Discord Mark by Defendant, such continuing or future use is likely to continue to
10 cause confusion and thereby irreparably damage Discord.  Discord has no adequate remedy at
11 law.  Accordingly, Discord is entitled to an injunction.

## FOURTH CLAIM FOR RELIEF

### Common Law Unfair Competition

14   60.   Discord incorporates by reference the factual allegations set forth above.

15   61.   Discord has expended significant time and expense in developing the DISCORD
16 mark and the high-quality app that it markets and offers under this mark.  The DISCORD mark
17 has been very successful and has developed a substantial reputation and goodwill in the
18 marketplace.

19   62.   Through its wrongful conduct, Defendant has misappropriated Discord's efforts
20 and are exploiting Discord's trademark and reputation to market and sell its services under the
21 Infringing Discord Mark.  These actions constitute unfair competition.

22   63.   As a direct and proximate result of Defendant's wrongful conduct, Discord has
23 been and will continue to be damaged.

24   64.   Unless an injunction is issued enjoining Defendant's unfairly competitive
25 conduct, Discord will continue to be damaged irreparably.  Discord has no adequate remedy at
26 law.  Accordingly, Discord is entitled to an injunction.

27   65.   Defendant has acted willfully, intentionally and maliciously, such that Discord is
28 entitled to punitive damages.

## PRAYER

WHEREFORE, Discord prays for the following relief:

A. An injunction ordering Defendant, and its officers, directors, members, agents, servants, employees, and attorneys, and all other persons acting in concert or participating with them (collectively, the "Enjoined Parties"), who receive actual notice of the injunction order by personal or other service, to:

    i. cease all use and never use the DISCORD mark, the DISCORD SOUND mark, or any other mark likely to cause confusion with the DISCORD mark, including any misspelling or variation of the DISCORD mark, on or with any products or services, or in connection with the advertising, marketing, promotion, distribution, offering for sale, or sale, of any products or services, including on social media;

    ii. never use any false designation of origin, false representation, or any false or misleading description of fact, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any products or services produced, offered, promoted, marketed, advertised, provided, sold or otherwise distributed by the Enjoined Parties is in any manner associated or connected with Discord, or are licensed, approved, or authorized in any way by Discord;

    iii. never represent, suggest in any fashion to any third party, or perform any act that may give rise to the belief, that the Enjoined Parties, or any of their products or services, are related to, authorized, or sponsored by Discord;

    iv. never register any domain name that contains the DISCORD mark or any misspelling or variation of it, or any domain name confusingly similar to the DISCORD mark;

    v. transfer to Discord all domain names in the Enjoined Parties' possession, custody, or control that include the word "discord" or any misspelling or

|   |   |   |
|---|---|---|
|   |      | variation thereof, are otherwise confusingly similar to or contain the DISCORD mark, or were used in connection with the Infringing Discord Mark, including but not limited to the *discordsound.com* domain name; |
|   | vi.  | cease all use of the Discord Sound Facebook account and any similar accounts or social media pages, and never register any social media account that contains the DISCORD mark, or any misspelling or variation of it, or any other social media account confusingly similar to the DISCORD mark; |
|   | vii. | transfer to Discord the Discord Sound Facebook account, and all other accounts used to promote the DISCORD SOUND mark, including all such accounts in Defendant's possession, custody, or control that include the word "discord" or any misspelling or variation thereof, or are otherwise confusingly similar to or contain the DISCORD mark; |
|   | viii.| cease all use of the Discord Sound IndieGoGo Page and any similar accounts or fundraisers, and disable this page, including by preventing any additional purchases, donations, or monetary transactions through this page; |
|   | ix.  | transfer to Discord the Discord Sound IndieGoGo Page and any similar accounts or fundraisers that have promoted the DISCORD SOUND mark; |
|   | x.   | never unfairly compete with Discord in any manner whatsoever, or engage in any unfair, fraudulent, or deceptive business practices that relate in any way to the production, distribution, marketing, and/or sale of products and services bearing the DISCORD mark or any other mark likely to cause confusion with the DISCORD mark, including any misspelling or variation of it; and |
|   | xi.  | never apply for or seek to register the DISCORD SOUND mark, the DISCORD mark, or any other mark likely to cause confusion with the DISCORD mark, including any misspelling or variation of it. |

B.     An order directing the Enjoined Parties to file with the Court and serve upon Discord's counsel, within thirty (30) days after service of the order of injunction, a report in writing under oath setting forth in detail the manner and form in which the Enjoined Parties have complied with the injunction.

C.     An order, pursuant to 15 U.S.C. § 1118, directing the Enjoined Parties to deliver up and destroy all infringing products, labels, signs, prints, packages, wrappers, receptacles, advertisements, plates, molds, matrices, and/or other means of making the same.

D.     To give practical effect to the Court's injunction, the social networking service or entities (*e.g.*, Facebook) related to any of the social media accounts subject to this Order shall, within fourteen (14) days of receipt of the Order, transfer, disable, or otherwise cancel those subject accounts at Discord's request if the Enjoined Parties have not already done so.

E.     To give practical effect to the Court's injunction, an order that the Registry or Registrar of any domain name subject to this Order (including the *discordsound.com* domain name) shall, within fourteen (14) days of receipt of the Order, transfer or otherwise assign those subject domain names to Discord if the Enjoined Parties have not already done so.

F.     To give practical effect to the Court's injunction, the fundraising service or entities (*e.g.*, IndieGoGo) related to any of the Enjoined Parties fund raising accounts subject to this Order shall, within fourteen (14) days of receipt of the Order, transfer, disable, or otherwise cancel those subject accounts at Discord's request if the Enjoined Parties have not already done so.

G.     An order finding that, by the acts complained of above, Defendant has infringed Discord's federally-registered trademark in violation of 15 U.S.C. § 1114.

H.     An order finding that, by the acts complained of above, Defendant has created a false designation of origin and false representation of association in violation of 15 U.S.C. § 1125(a).

I.     An order finding that, by the acts complained of above, Defendant has engaged in common law trademark infringement.

J. An order finding that, by the acts complained of above, Defendant has engaged in common law unfair competition.

K. An order awarding Discord damages as follows:

  i. Pursuant to 15 U.S.C. § 1117(a), Discord's actual damages, as well as all of Defendant's profits or gains of any kind from its acts of trademark infringement, false designation of origin, and unfair competition, including a trebling of those damages; and

  ii. Punitive damages pursuant to California common law.

L. An order pursuant to 15 U.S.C. § 1117(a) finding that this is an exceptional case and awarding Discord its reasonable attorneys' fees.

M. An order pursuant to 15 U.S.C. § 1117(a) awarding Discord all of its costs, disbursements, and other expenses incurred due to Defendant's unlawful conduct.

N. An order awarding Discord pre-judgment interest.

O. An order awarding Discord such other relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated: May 5, 2020

Respectfully submitted,

LATHAM & WATKINS LLP

By */s/Patrick C. Justman*
Patrick C. Justman

*Attorneys for Plaintiff*
DISCORD, INC.