LATHAM & WATKINS LLP
  Jennifer L. Barry (Bar No. 228066)
    *jennifer.barry@lw.com*
  Patrick C. Justman (Bar No. 281324)
    *patrick.justman@lw.com*
  12670 High Bluff Drive
  San Diego, CA 92130
  858.523.5400 / 858.523.5450 (Fax)

Attorneys for Plaintiff
DISCORD, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DISCORD, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>    v.<br><br>DYNAMIC TECHNOLOGY GROUP LTD., DBA DISCORD SOUND,<br><br>              Defendant. | CASE NO. 4:19-cv-05824-HSG<br><br>**STIPULATED JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff Discord, Inc. ("Discord"), on the one hand, and Defendant Dynamic Technology Group Ltd., DBA Discord Sound ("Defendant"), on the other hand, stipulate as follows:

1. Discord is the owner of the DISCORD® mark, including U.S. Federal Registration No. 4,930,980.

2. Discord has used the DISCORD® mark in commerce since 2015. Discord's use has been substantially continuous and exclusive. Discord therefore owns longstanding common law rights in the DISCORD® mark.

3. Discord has attained strong name recognition and substantial goodwill in the DISCORD® mark. The mark has come to be associated with Discord and identifies Discord as the source of the all-in-one voice and text chat app offered in connection with the mark, as well as related goods and services.

4. The DISCORD® mark is strong and is among Discord's most important and valuable assets.

5. After Discord started using the DISCORD® mark, Defendant began using the DISCORD SOUND mark in connection with wireless earbuds. Defendant registered the *discordsound.com* domain name and it has operated a website at that address in connection with its goods and services. Defendant also created a Facebook and Indiegogo page to promote its goods and services (*www.facebook.com/discordsoundhub/, www.indiegogo.com/projects/hub-hifi-wireless-earbuds-with-100-hours-playtime#/*) and other social media pages.

6. Defendant's use of the DISCORD SOUND mark violated Discord's trademark rights (*see* 15 U.S.C. §§ 1114, 1125(a), 1125(c), 1125(d)), caused damage to Discord and the DISCORD® trademark, and allowed Defendant to wrongfully obtain profits at Discord's expense.

7. The parties have agreed to the entry of a Final Judgment and Permanent Injunction against Defendant, in the form reflected in Exhibit A to this stipulation, which provides as follows:

///

///

**INJUNCTION**

1. Defendant and its current and future principals, officers, directors, shareholders, members, employees, partners, licensees, distributors, joint venturers, agents, attorneys, other authorized representatives, and other persons who are in active concert or participation with them or individuals within Defendant's control (collectively, the "Enjoined Parties") are permanently enjoined and ordered as follows:

    a. The Enjoined Parties are prohibited from ever using, applying for, or registering any trademark, trade name, domain name, or social media account containing the DISCORD SOUND mark, the DISCORD mark, or the term "discord" in any manner, including a misspelling or abbreviation of the word "discord," and they shall remove all such marks and terms from their social media accounts (*e.g., www.facebook.com/discordsoundhub/, www.indiegogo.com/projects/hub-hifi-wireless-earbuds-with-100-hours-playtime#/*) or otherwise delete such accounts if those pages cannot conform with the requirements of this Order.

    b. The Enjoined Parties shall assign all rights, title, and interest to all domain names that they own, have the right to use, or are otherwise using that contain the term "discord" or any similar term to "discord," including a misspelling or abbreviation.

    c. The Enjoined Parties shall not, whether acting alone or with or through other persons or entities, and regardless of whether acting on their own behalf or on behalf of others, oppose, sue on the basis of, seek cancellation of, object to, challenge the strength or validity of, or otherwise attack the DISCORD® trademark or any trade name, copyright, or domain name that incorporates the DISCORD trademark or any similar mark, or assist, support, or encourage others to engage in any of activities mentioned in this paragraph.

2. It is further ORDERED that the Enjoined Parties shall:

    a. Take reasonable steps sufficient to monitor and ensure that all persons within their control or employment (whether as affiliates, independent contractors, employees, agents, partners or in some other capacity) comply with this Order, including but not limited to providing a copy of this Order to any person or entity controlled or employed by Defendant.

    b. Take all reasonable corrective action with respect to any individual within

1 their control or employment whom any Enjoined Party determines is not in compliance with the
2 terms of this Order, which may include training, disciplining, and/or terminating such individual,
3 and notifying Discord promptly in writing of the underlying conduct.
4             c.      Be fully responsible for any violations of this Order by any of the
5 foregoing parties.

## JURISDICTION AND RETENTION OF SAME

7       1.      It is further ORDERED that this Court shall retain jurisdiction of this matter in
8 law and equity for purposes of enforcing and/or adjudicating claims of violations of this Order.
9 Further, the Court shall retain ancillary jurisdiction over this matter in law and equity for
10 purposes of enforcing and/or adjudicating any violation of the Parties' confidential settlement
11 agreement. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381-2 (1994). Any such
12 matters shall be raised by noticed motion.
13       2.      The Court finds that the parties have consented to the jurisdiction of this Court
14 and waived any and all arguments or challenges as to (i) the jurisdiction of this Court, (ii) the
15 convenience of this forum; and/or (iii) the enforceability of this injunction in other jurisdictions.
16       3.      The Court finds that the parties have waived the right to appeal the entry of this
17 Order and a waiver of the right to contest the validity of any clause, term, or provision herein in
18 any subsequent proceeding, and enters the Order on that basis; provided, however, that if for any
19 reason any clause, term, or provision herein is deemed unlawful or invalid, the remaining
20 clauses, terms and provisions shall remain in full force and effect.

21 **IT IS SO STIPULATED.**

22 Dated: May 13, 2020

23 LATHAM & WATKINS LLP

24 By: /s/ Patrick C. Justman
   Jennifer L. Barry
25 Patrick C. Justman

26 *Attorneys for Plaintiff
   DISCORD, INC.*

DYNAMIC TECHNOLOGY GROUP
LTD., DBA DISCORD SOUND

By: *Brian Luong*
    CB92377305714CF...
Name: Brian Luong

Title: President

Date: April 25, 2020